```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                          NORTHERN DIVISION
                            AT COVINGTON
```

**CIVIL ACTION NO. 09-49 (WOB)**

**FIRST MERCURY INSURANCE CO.**                              **PLAINTIFF**

**VS.**                          <u>**OPINION AND ORDER**</u>

**BRAL, INC.**                                               **DEFENDANT**


On August 20, 2009, the court held oral argument on the defendant's motion to dismiss. (Doc. 7).  Thomas Glassman represented the plaintiff, and Aaron Vanderlann represented the defendant.  Official court reporter Joan Averdick recorded the proceedings.

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. 2201(a).  District courts, however, have discretion in determining whether to exercise its jurisdiction in such cases.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

In determining whether to exercise jurisdiction in a declaratory judgment action the court should consider the following five factors:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

>    (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
>
>    (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
>    (5) whether there is an alternative remedy which is better or more effective.

*Flowers,* 513 F.3d at 554 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)). Each factor will be analyzed below.

### A. The First Two Factors: Will the Action Settle the Controversy and/or Clarify Legal Relations at Issue?

The first two factors are closely related and, thus, are often considered together. *Flowers,* 513 F.3d at 557. The first factor looks at whether a declaration of rights by this court would settle the controversy. *Flowers,* 513 F.3d at 554. The court, in *Flowers*, acknowledged that two lines of cases have developed with regards to this factor. One line of cases has concluded that the declaratory relief action need only settle the insurance coverage controversy in order to satisfy the first factor. *See West Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003). The other line of cases, however, requires that the case settle the ultimate controversy between the parties going on in state court before this factor is weighed in favor of exercising jurisdiction. *See Travelers Indem. Co. v. Bowling Green Prof'l Assoc.*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d

807, 814 (6th Cir. 2004).

The Sixth Circuit is also split on what is required to satisfy the second factor, "whether a declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue."  *Compare Flowers*, 513 F.3d at 557 *(*sufficient to satisfy factor if declaratory judgment would clarify the legal relations presented in the federal action), *with Travelers Indem.*, 495 F.3d at 272 (to satisfy factor the decision must clarify the legal relations in both the federal and underlying state action); *Bituminious Cas. Corp.*, 373 F.3d at 814 (same).

Despite the apparent split in the Sixth Circuit on how to construe these first two factors, the Sixth Circuit has consistently found that, where the plaintiffs in the state suit are not made parties to the federal suit, a declaration of insurance coverage would not resolve the controversy because it would not be binding on the underlying plaintiffs. *Travelers Indem.,* 495 F.3d at 272; *Bituminous Cas. Corp.*, 373 F.3d at 814. In both these cases, the Sixth Circuit held that the first two factors weighed against federal jurisdiction because all the parties that could be affected by the judgment were not joined in the federal suit.  *See also, Northfield Ins. Co. v. Saylor*, No. 6:07-295, 2008 WL 2705582 (E.D. Ky. July 10, 2008) (J. Reeves).

Here, the plaintiffs in the state case have not been joined in this case and, therefore, are not bound by the judgment in this case.  Thus, if they are successful in the underlying state case, they could pursue third-party recovery from the plaintiff

3

here. Therefore, although a decision in this case would settle the controversy and clarify the relationship between the insurer and insured, it does nothing to aid in the controversy with the underlying plaintiffs. Thus, these two factors weigh against exercising jurisdiction.

    B. **The Third Factor - Whether the Declaratory Remedy is Being Used Merely for the Purpose of "Procedural Fencing" or "to Provide an Arena for a Race for Res Judicata."**

The third factor is intended to prevent parties from seeking federal jurisdiction to gain a favorable forum. *Grand Trunk*, 746 F.2d at 326. BRAL, in its motion to dismiss, conceded that there is no evidence that plaintiff is attempting to forum shop. Thus, this factor weighs in favor of exercising jurisdiction.

    C. **The Fourth Factor - Whether the Use of a Declaratory Action Will Increase Friction Between Federal and State Courts.**

The fourth factor requires the court to consider whether accepting jurisdiction will increase the friction between the federal and state courts. In *Flowers*, the Sixth Circuit explained:

> The Supreme court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton* [*v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S. Ct. 2137 (1995)] (quoting *Brillhart* [*v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S. Ct. 1173 (1942)]. However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." [*Allstate Ins. Co. v.*] *Green,* 825 F.2d [1061, 1067 (6th Cir. 1987), *abrogated on different grounds by Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)]. Thus, to determine whether

4

> the exercise of jurisdiction would increase friction between federal and state courts, we consider three additional sub-factors:
> 1) whether the underlying factual issues are important to an informed resolution of the case;
> 2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> 3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.
> *Bituminous*, 373 F.3d at 814-15.

*Flowers*, 513 F.3d at 559-560.

The first sub-factor focuses on whether the state court's resolution of the factual issues in its case is necessary for the federal court's resolution of the declaratory judgment case. *Id.* In the case at bar, the issue of coverage does not hinge on a factual finding in the state court. The state court case will determine if BRAL has any liability for the injuries sustained by the plaintiffs as a result of a fight between the plaintiffs and a third person. It appears undisputed that the state plaintiffs' injuries are a result of an assault and battery. The issue in this case is whether insurance coverage and the duty to defend the state court case is excluded under the assault and battery exclusion contained in the policy. Thus, the issues are distinct and this sub-factor weighs in favor of exercising jurisdiction.

The second sub-factor focuses on whether the state court is in a better position to evaluate the factual issues. The Sixth Circuit has routinely held that, where the issues involve undetermined questions of state law, Kentucky courts are in the better position to resolve the issues. *See Travelers*, 495 F.3d at 272; *Bituminous*, 373 F.3d at 815-16. Where, however, the

issues do not involve novel issues of state law, a federal court's decision would not offend principles of comity. *Flowers*, 513 F.3d at 560-61.

Here, the issue before the court is the interpretation of the assault and battery exclusion in the insurance policy. Plaintiff asserts that similar exclusions have been litigated in Kentucky courts and have been found to exclude coverage and a defense to an insured for cases involving injuries caused by criminal assaults. Doc. 8, p. 11 (citing, *Thompson v. West American Ins. Co.*, 839 S.W.2d 579 (Ky. Ct. App. 1992) (plaintiff's criminal act of sexual molestation not an "occurrence" under the policy, thus no coverage); *Parsley v. Kentucky Farm Bureau Mut. Ins. Co.*, 32 S.W.3d 103 (Ky. Ct. App. 2000) (exclusion for intentional loss applied to exclude coverage for damages caused by insured's criminal assault); *Stone v. Kentucky Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809 (Ky. Ct. App. 2000) (insured's act of shooting son and then killing himself not an "occurrence" under policy for which coverage would apply because insured intended harm)). BRAL argues that this matter involves novel questions of state law because the Kentucky courts have not interpreted the specific exclusion at issue.

While no Kentucky state case has addressed the precise exclusion involved in this matter, the resolution of the issue can be reasonably predicted from existing law. Thus, this sub-factor supports the court exercising jurisdiction.

The third sub-factor focuses on whether there is a close

6

nexus between the underlying factual issue and state law such that the issue is more appropriately considered in state court. The Sixth Circuit has stated that "issues of 'insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore better able to resolve.'" *Flowers,* 513 F.3d at 561 (quoting *Travelers*, 495 F.3d at 273). *Flower*s noted, however, that not all insurance interpretation issues implicate fundamental state policies such that federal courts cannot consider them. *Id.* Nevertheless, the *Flowers* court found this sub-factor counseled against exercising jurisdiction because it found Kentucky courts were in a better position to resolve insurance policy interpretation issues. *Id.* at 561.

Similarly here, the "assault and battery exclusion" has not been interpreted by the Kentucky courts. Thus, the Kentucky courts would be in a better position to interpret the exclusion. Only one of the three sub-factors, however, counsels against jurisdiction, thus the fourth factor weighs in favor of exercising jurisdiction.

    **D.   The Fifth Factor - Whether there is an Alternative Remedy Which is Better and More Effective.**

The Fifth Factor focuses on what alternative remedies are available. Kentucky law similarly provides for the filing of declaratory judgment actions. K.R.S. § 418.040. In addition, the plaintiff could have filed an indemnity action in state court. This court must determine whether one of the alternative

7

remedies is a better or more effective remedy than proceeding in the district court. *Flowers*, 513 F.3d at 562 (citing *Grand Trunk*, 746 F.2d at 326).

Given the Sixth Circuit's findings that novel issues of insurance coverage interpretation should generally be filed in the state court, this factor weighs against exercising jurisdiction. *See Flowers*, 513 F.3d at 562; *Bituminous Cas. Corp*. 373 F.3d at 812.

### E. Conclusion

Having heard argument of counsel and having carefully examined the required factors, the court declines to exercise jurisdiction over plaintiff's claim for declaratory relief.

Therefore, the court being advised,

**IT IS ORDERED** that the defendant's motion to dismiss (Doc. 7) be, and it hereby is, **GRANTED**; and that this action be, and it hereby is, **dismissed, without prejudice** and stricken from the docket of this court. A separate Judgment shall enter concurrently herewith.

This 24th day of August, 2009.



Signed By:
William O. Bertelsman WOB
United States District Judge

TIC: 20 min.